UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONELL ISAAC, | No. C 11-3903 JST (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY; DIRECTIONS TO CLERK** |
| v. | |
| J. PRICE, | |
| Respondent. | |

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging four claims.[1] The Court issued an order to show cause dismissing three of the claims and directing respondent to file an answer addressing the remaining claim, specifically, petitioner's claim that he was denied his right to a trial by jury on the facts used to impose the upper term on a sentencing enhancement for use of a firearm in the commission of the underlying offense. Respondent filed an answer asserting a statute of limitations defense. The case was then reassigned to the undersigned. Petitioner has not filed a traverse although given an opportunity to do so.

---

[1] Petitioner initially named Connie Gipson, warden of Corcoran State Prison, as the respondent in this action. The California Department of Corrections online inmate locator service shows plaintiff has been transferred to the Deuel Vocational Institution ("DVI"). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, J. Price, the current warden of DVI, is hereby SUBSTITUTED as respondent in place of petitioner's prior custodian. Petitioner is reminded that he must keep the Court and all parties informed of any change of address.

**BACKGROUND**

In 2008, a jury in Lake County Superior Court found petitioner guilty of attempted voluntary manslaughter, and found true allegations that petitioner had personally inflicted great bodily injury and had personally used a firearm. (Ex. 1 at 209-19.)[2] The jury further found petitioner guilty of possessing a firearm after having been convicted of a felony. (Id.) The trial court thereafter found true allegations that petitioner had: (1) served a prior prison term for drug possession; and (2) used a firearm in the commission of the offense. (Ex. 2 at 657-60.) He was sentenced to a total term of 25 years and 6 months in state prison. (Id.)

On July 27, 2009, the California Court of Appeal affirmed the judgment. (Ex. 6.)

Petitioner did not seek review of the Court of Appeal's decision in the California Supreme Court. (Petitioner. at 3.)

On January 10, 2011, petitioner filed a petition for habeas corpus in the California Supreme Court. (Ex. 7.) Therein, he brought the claim raised in the instant petition. (Ex. 7 at 6E.) Specifically, petitioner claimed the trial court "engaged in prohibited judicial fact-finding to support the aggravated term on the firearm use enhancements." (Id.)

On June 29, 2011, the California Supreme Court denied the petition. (Ex. 8.)

Petitioner then filed this action, seeking a writ of habeas corpus. The petition has a signature date of July 31, 2011 and was stamped "filed" at the Court on August 9, 2011. As a pro se prisoner, petitioner receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume he gave the petition to prison officials for mailing on the date he signed it, i.e., July 31, 2011, and deem the federal petition filed as of that date.

//

//

---

[2] Unless otherwise indicated, all references herein to exhibits are to exhibits submitted by respondent in support of the answer.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3]

Petitioner had 40 days to petition for review from the Court of Appeal's decision. Cal. Rule of Court 8.366, 8.500. Because the fortieth day was Saturday, September 5, 2009, petitioner had until the following Monday, September 7, 2009, to file a petition for review. Cal. Civ. Proc. Code §§ 12, 12b. Consequently, the judgment became final on September 7, 2009, and the limitations period began on September 8, 2009. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the court of appeal filed its opinion), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so). Petitioner therefore had until September 7, 2010 to file his federal habeas petition. The instant petition is deemed filed on July 31, 2011, more than one year later. Consequently, absent statutory or equitable tolling, the petition is untimely.

A.   Statutory Tolling

Petitioner does not claim he is entitled to statutory tolling. Even if petitioner had claimed such tolling, however, he would not be eligible for it. Pursuant to 28 U.S.C. § 2244, the one-year limitations period is tolled for the "time during which a properly filed

---

[3] In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final. See 28 U.S.C. § 2244(d)(1)(B)-(D).

3

1 application for State post-conviction or other collateral review with respect to the pertinent
2 judgment or claim is pending." See 28 U.S.C. § 2244(d)(2).  An application for review
3 remains "pending" in state court until it "has achieved final resolution through the State's
4 post-conviction procedures." Carey v. Saffold, 536 U.S. 214, 220 (2002).

Here, petitioner did not file his state habeas petition until January 10, 2011, over 4 months after the limitations period under AEDPA had expired.  Consequently, the state petition neither tolled nor revived the statute of limitations.  28 U.S.C. § 2244(d)(2); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Accordingly, the Court finds the petition is not rendered timely on the basis of statutory tolling.

B.   Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 2562 (internal quotation and citation omitted); accord Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.").  The diligence required to establish entitlement to equitable tolling is "reasonable diligence."  Holland, 130 S. Ct. at 2565.

Petitioner bears the burden of showing "extraordinary circumstances were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation and citation omitted).  Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied.  Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).  Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence."  Bryant v.

4

Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006)).

Petitioner does not argue he was prevented from filing his claim on time. Nor is there anything in the record to support such a finding.

Accordingly, the Court finds the petition is not rendered timely on the basis of equitable tolling.

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

Additionally, the Clerk is DIRECTED to substitute Warden J. Price on the docket as the respondent in this action.

The Clerk is further DIRECTED to change petitioner's address to Ronell Isaac, #G-21943, Deuel Vocational Institution, P.O. Box 400, Tracy, CA 95378-0004.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights, or demonstrate that a reasonable jurist would find the denial of his claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

IT IS SO ORDERED.

DATED: February 26, 2013

_____
JON S. TIGAR
United States District Judge